```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                                **CRIMINAL NO. 2:20-00153**

**GREGORY EUGENE WOODS**


### MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's motion to reduce his sentence based upon a reduction in the applicable sentencing guideline.  See ECF No. 35.  On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective.  Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points.  Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect.  Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the

term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

Woods argues that he received status points and that, if those points are removed, his guidelines range will be lower and he should be sentenced within the newly calculated guidelines range. At sentencing, Woods had a total of 17 criminal history points, two of which were status points.

The United States Probation Office reviewed Woods's file to see if he was eligible for a sentence reduction and, by a Retroactive Sentencing Addendum dated August 19, 2024, determined that he was not. See ECF No. 36 (SEALED). According to the Probation Office, Woods was sentenced as a career offender and, therefore, his sentence was not affected by Amendment 821. The Probation Office further considered whether the amendment would lower defendant's guidelines range even if he were not classified as a career offender and determined that it would not. If Amendment 821 is applied to remove points for status, reducing the total points from 17 to 15; the amendment

2

is applied retroactively; and one point is added, pursuant to U.S.S.G. § 4A1.1(e), because Woods had a total of 15 criminal history points and committed the instant offense while under a criminal justice sentence, he would still have 16 criminal history points.  Therefore, Woods would still be a Criminal History Category VI and his guideline range would remain unchanged.

At sentencing, the original presentence investigation report ("PSI") calculated defendant's sentencing guideline range based upon a Total Offense Level of 29 and a Criminal History Category of VI.  Defendant was deemed to be a career offender.  The resulting advisory guideline range was 151 to 188 months imprisonment.  On February 8, 2021, Woods was sentenced to a term of imprisonment of 160 months, a three-year term of supervised release, no fine, and a $100 special assessment.

The court has considered the original PSI, the Judgment and Commitment Order and Statement of Reasons, and the Probation Office's addendum.  Having reviewed the record in this case, the court agrees with the Probation Office that Woods is ineligible for a sentence reduction because he was sentenced as a career offender.  See United States v. Larry, No. 24-1794, 2024 WL 4553780, at *2 (7th Cir. Oct. 23, 2024) ("Amendment 821 lowered

3

the number of status points added to certain defendants for offenses committed while under another sentence, U.S.S.G. § 4A1.1(e)(2023), but did not stand to benefit Larry, who was sentenced as a career offender and thus assigned a criminal history category of VI regardless of status points."). In addition, as outlined above, even if the amendment is applied retroactively to his case, Woods would still be a Criminal History Category VI.

For all these reasons, defendant's motion for a sentence reduction is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to defendant, counsel of record, the United States Attorney, the Federal Public Defender, and the United States Probation Office.

**IT IS SO ORDERED** this 4th day of December, 2024.

ENTER:

David A. Faber
Senior United States District Judge